UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHONDA WHITEHURST, individually and on behalf of S.W. and A.W., minors, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:24 CV 603 CDP |
| BJJ ENTERPRISES, LLC, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This recently removed case is before me for review of subject-matter jurisdiction. Plaintiffs Lashonda Whitehurst and Marvie Whitehurst brought this action in the Circuit Court of St. Louis County, Missouri, alleging that defendants BJJ Enterprises, LLC, Xpress Line, Inc., and Azamov Jakhongir caused them and Lashonda's two minor daughters[1,2] to suffer bodily injuries as a result of a motor vehicle accident that occurred on an interstate in Texas in January 2021. Plaintiffs allege that defendant Jakhongir was operating an eighteen-wheeler with an attached trailer, both of which were allegedly owned and/or leased by defendant Xpress Line, when he swerved and struck plaintiffs' vehicle. Plaintiffs further allege that

---

[1] Lashonda brings this action on behalf of herself and her two minor daughters, S.W. and A.W.

[2] Because the adult named plaintiffs in this case share the surname Whitehurst, I will refer to them by their first names in this memorandum. No disrespect is intended.

defendant BJJ Enterprises was the motor carrier responsible for the tractor-trailer and the load being transported at the time of the accident. BJJ Enterprises removed the action to this Court on April 26, 2024, alleging diversity jurisdiction under 28 U.S.C. § 1332. Neither Xpress Line nor Jakhongir have yet been served.

In its notice of removal, BJJ Enterprises avers that complete diversity exists because it is a citizen of the State of Illinois and/or the State of New York, and plaintiffs are citizens of the State of Georgia. The notice is silent, however, as to the citizenship of defendants Xpress Line and Jakhongir. The operative state-court petition does not help in this regard either, given that it identifies Xpress Line as a "foreign corporation that does a substantial amount of business" in Missouri and Jakhongir as a "resident" of New York. (ECF 6 at ¶¶ 6, 7.) With respect to corporations, a proper statement of citizenship includes the corporation's place of incorporation and its principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). *See also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). As to individuals, a statement of where they "reside" is insufficient to establish citizenship. *Sanders*, 823 F.2d at 216.

That neither of the affected defendants has been served has no bearing on my duty to determine whether diversity jurisdiction exists in the case. In evaluating the complete diversity of the parties, I must consider the citizenship of all of the defendants named in the petition. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84

(2005); *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1065 (8th Cir. 2023). "Whether all of the named parties have been served with process is irrelevant when evaluating diversity of citizenship." *Cagle*, 78 F.4th at 1065 (citing *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981)). If complete diversity exists – that is, the case could have "originally been brought" in a federal district court – then 28 U.S.C. § 1441(b)(2) imposes the additional requirement that none of the "parties in interest properly joined and served as defendants" may be citizens of the forum State. Thus, for removal from state court to federal court based on diversity jurisdiction, there must be complete diversity between all named plaintiffs and all named defendants, *and* no "properly joined and served" defendant can be a citizen of the forum State. *Lincoln Prop.*, 546 U.S. at 84; *Cagle*, 78 F.4th at 1065. Regardless of the status of service, there must continue to be complete diversity between the parties. "Without complete diversity of citizenship, [plaintiffs'] suit could not have been brought in a federal district court, and the case cannot be removed based on diversity of citizenship." *Cagle*, 78 F.4th at 1066.

In view of the above, I am unable to determine from either the notice of removal or the operative petition whether this Court has subject-matter jurisdiction over this action. I will give the BJJ Enterprises seven days to amend its notice of removal to properly allege this Court's subject-matter jurisdiction. Failure to

timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that <u>**within seven (7) days of the date of this Order**</u>, defendant BJJ Enterprises, LLC, shall file an amended notice of removal properly alleging this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2024.